UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOBEY HENDERSON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:14-cv-00374-NT |
| | ) | |
| PAROLE BOARD, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER AND RECOMMENDED DECISION**

**ORDER**

Petitioner Jobey Henderson seeks habeas relief. The matter is before the Court on Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2).[1] Pursuant to 28 U.S.C. § 1915(a)(1), this Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor," based on a proper showing of indigent status. Based on Plaintiff's sworn statement in his IFP Application and the Certificate of Prisoner Trust Fund Account Activity (ECF No. 4), the Court grants the motion.

**RECOMMENDED DECISION**

Petitioner has filed a petition, pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus, in which petition he names the "Parole Board" as Respondent, and identifies the Attorney General for the State of Maine as an interested party. In his petition, Petitioner apparently seeks, or seeks to challenge, "a declaratory ruling from the Maine Department of Corrections Commissioner

---

[1] The Court referred the motion.

challenging a state judgment that imposed a sentence to serve in the future in the 29th Judicial Circuit Court regarding parole in Maine." (Petition, ECF No. 1, at 1.)

According to the filing, Petitioner is currently incarcerated in Michigan,[2] serving a sentence imposed by a Michigan state court. As grounds for his requested relief, Petitioner complains entirely of decisions made by Michigan authorities related to his alleged right to be paroled, to obtain employment, to have a "custody reduction," to receive a parole loan, and to participate in certain release planning programs. Petitioner requests a declaratory ruling that he is entitled to these benefits and, evidently, that he should be transferred to Maine for the balance of his prison term. (*Id.* at 6-10.)

Petitioner attached to the petition (1) a February 2014 order from the Sixth Circuit denying Petitioner leave to file a second or successive habeas petition (ECF No. 1-7), and (2) orders (ECF No. 1-9, October 2012; ECF No. 1-8, September 2013) of the Circuit Court for the County of Genesee denying Petitioner's requested relief regarding certain parole determinations. Presumably, Petitioner filed the attachments in an effort to demonstrate that he exhausted the available state remedies.[3]

Because Petitioner does not allege that he is incarcerated on a Maine charge, for this Court to have jurisdiction to consider Petitioner's habeas writ, the Court must have jurisdiction over the custodian of the prisoner. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 (1973). According to Petitioner, he is incarcerated in Michigan. This Court does not have jurisdiction over the chief administrator of the jails and prisons in Michigan. Accordingly, this Court does not have

---

[2] The petition identifies the Alger Correctional Facility, in Munising, Michigan, as the place of confinement, but Plaintiff's correspondence also provides a return address at the Chippewa Correctional Facility, in Kincheloe, Michigan.
[3] A search of the PACER system revealed numerous civil matters litigated by Petitioner in the United States District Court for the Eastern District of Michigan and in the Sixth Circuit regarding Petitioner's confinement in Michigan, which matters included habeas proceedings that were denied on "second or successive" grounds.

jurisdiction to consider Petitioner's request for relief. The recommendation, therefore, is that the Court dismiss the petition.[4]

**NOTICE**

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on non-dispositive matters (the *in forma pauperis* motion), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).
With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.
Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of October, 2014.

---

[4] Petitioner previously filed a habeas petition in this Court in which he challenged his underlying convictions. The Court dismissed that petition based on the lack of jurisdiction over the Michigan custodian. *Henderson v. Warden, Me. State Prison*, No. 1:11-cv-00267-GZS (*see* ECF Nos. 5 (Recommended Decision), 7 (Order), 24 (Court of Appeals judgment denying certificate of appealability). While the docket of the Eastern District of Michigan reflects that Petitioner also filed a habeas challenge to the underlying convictions in Michigan, the record does not establish definitively that Petitioner's prior filings included a challenge to any parole determinations. Consequently, one cannot determine whether the instant, parole-based petition is a second or successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *see also Restucci v. Bender*, 599 F.3d 8, 10 (1st Cir. 2010) (holding that a challenge to denial of parole is distinct from a challenge to the underlying conviction and, therefore, a habeas petition based on the parole issue is not "successive" to a habeas petition challenging the conviction).